IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GHALEB AZROUI, ) | |
| ) | |
| Plaintiff, ) | No. 12 CV 0280 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| E*TRADE SECURITIES, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Ghaleb Azroui has requested leave to file a pro se second amended complaint, which defendant E*TRADE Securities has appropriately construed as a motion to vacate the arbitration award issued by a three-member panel on December 23, 2011. See 9 U.S.C. § 6 (requiring that a challenge to an arbitration be made through a motion); Webster v. A.T. Kearney, Inc., 507 F.3d 568, 569 n.1 (7th Cir. 2007) (explaining that the plaintiff's motion to vacate arbitration award was "erroneously styled as a 'complaint'"). In dismissing without prejudice plaintiff's first amended complaint, the court observed that plaintiff had failed to sufficiently allege subject-matter jurisdiction. Dkt. 10 (Feb. 2, 2012). Although plaintiff's current submissions are also deficient in this respect, defendant helpfully notes that it is a wholly-owned subsidiary of E*TRADE Bank (headquartered in Virginia), which is a wholly-owned subsidiary of E*TRADE Financial Corporation, a Delaware corporation with its principal place of business in New York. Because plaintiff alleges that he is domiciled in Illinois, it appears that there is complete diversity sufficient to establish diversity jurisdiction.

Nonetheless, the court cannot grant plaintiff the relief he seeks. The court's review of an arbitration award is "grudgingly narrow." Eljer Mfg., Inc. v. Kowin Dev. Corp., 14 F.3d 1250,

1253 (7th Cir. 1994). The Federal Arbitration Act, at 9 U.S.C. § 10(a), provides only four grounds on which the court may vacate an award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The party objecting to the award bears the burden of demonstrating that one of these statutory grounds exists. Plaintiff does not, however, specify any of these grounds in his motion or in his reply brief, and even construing plaintiff's motion liberally, see Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (1996), he has not provided underlying facts that would allow the court to construe his motion as raising any of those grounds.

Plaintiff complains that the arbitrators were "not legal" because he was not permitted to choose them. FINRA procedures do not, however, allow the parties to choose arbitrators. Rather, the parties receive three lists of arbitrators, on each of which they may strike four and rank the other six; FINRA then selects the panel based on those designations. Plaintiff made strikes but did not rank the remaining arbitrators. The panel did not include any of the arbitrators on plaintiff's strike list. Plaintiff might misapprehend the FINRA rules—he claims that he was required to "choose 4 from each list"—but failure to understand the rules, which were provided to him, cannot constitute grounds for vacating the award.

Plaintiff next critiques the arbitrators' conduct. He claims that they did not allow him to ask E*TRADE representatives questions, cut off his questioning, and asked unprofessional questions. But plaintiff fails to identify any specific misconduct that could possibly rise to the level of misbehavior under § 10(a)(3), which requires simply that the panel "provide a fundamentally fair hearing." Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co., 2004 WL 442640, at *4 (N.D. Ill. Mar. 8, 2004). A hearing is fundamentally fair if it "meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." Slaney v. Int'l Amateur Fed'n, 244 F.3d 580, 592 (7th Cir. 2001). Plaintiff's complaints that the panel impeded his ability to ask questions and that the arbitrators themselves asked inappropriate questions do not implicate the hearing's fundamental fairness.

Plaintiff also appears to claim that the arbitrators did not credit his evidence and were biased. His underlying theory, however, makes it plain that vacating the award on this basis would exceed the court's authority. Plaintiff reasons that the arbitrators must have been biased and must have failed to credit his evidence, because they could not possibly have found in defendant's favor had they done otherwise. But this is simply an attempt to attack the arbitrators' decision, which is not enough to establish that the arbitrators were biased or refused to hear evidence. See Metter v. Wachovia Sec., LLC, No. 08 C 2239, 2008 WL 4395086, at *2 (N.D. Ill. Sept. 23, 2008) ("Plaintiff's argument that the panel was wrong in its decision is insufficient to show that the arbitrators were partial or biased.").

Because, for the foregoing reasons, plaintiff has failed to meet his burden under 9 U.S.C. § 10, his motion to vacate the arbitration award is denied, and this case is terminated.

**ENTER:** May 4, 2012

_____
**Robert W. Gettleman
United States District Judge**